UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REMINGTON DONO LeBOE,<br><br>                           Plaintiff,<br><br>   v.<br><br>KING COUNTY SHERIFF, *et al.*,<br><br>                           Defendants. | Case No. C21-1110-BJR-SKV<br><br>REPORT AND RECOMMENDATION |

      Plaintiff Remington LeBoe is currently confined at the King County Correctional Facility in Seattle, Washington, where he is apparently awaiting trial on charges of felony harassment and commission of a hate crime. *See* Dkt. 6 at 3, 13. He has presented to this Court for filing a pleading which he identifies as both a complaint and a petition for writ of habeas corpus. *Id*. at 1. While Plaintiff's pleading as a whole is not a model of clarity, he does clearly allege that he is being erroneously held in custody on an unfounded charge of felony harassment, and he also appears to question the validity of the hate crime charge. *See id*. at 3, 13. Plaintiff identifies the King County Sheriff, the Chief of the Seattle Police Department, King County, the King County Jail, the City of Seattle, and the State of Washington as Defendants in this action. *Id*. at 1. He

REPORT AND RECOMMENDATION
PAGE - 1

1  seeks relief in the form of release from custody and the return of property that was apparently
2  seized from him following his arrest. *Id*. at 13-14.
3  After reviewing Plaintiff's complaint, this Court determined that Plaintiff had not
4  identified therein any viable claim for relief and, thus, on September 10, 2021, the Court issued
5  an Order directing Plaintiff to show cause why this action should not be dismissed. Dkt. 7. The
6  Court explained in its Order to Show Cause that resolution of the claims asserted by Plaintiff in
7  his complaint would necessarily result in this Court becoming involved in Plaintiff's ongoing
8  state court proceedings, and that federal courts will generally not intervene in a pending state
9  court criminal proceeding absent extraordinary circumstances where the danger of irreparable
10 harm is both great and immediate. *Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971).
11 Plaintiff was advised that his complaint did not reveal any extraordinary circumstances which
12 would justify this Court's intervention in his state court criminal proceedings. *Id*.
13 On September 25, 2021, Plaintiff submitted two responses to the Court's Order to Show
14 Cause. *See* Dkts. 8, 8-1. Plaintiff's responses are somewhat difficult to understand, though they
15 appear to contain substantial overlap. Plaintiff asserts in his responses that he is a Department of
16 Defense ("DOD") Ready Reservist who was reactivated pursuant to Executive Order 12743
17 (issued by President George H.W. Bush in 1991 in response to Iraq's invasion of Kuwait) and
18 Executive Order 13223 (issued by President George W. Bush in 2001 in response to the terrorist
19 attacks on the World Trade Center and the Pentagon). *See id*. Plaintiff also appears to indicate
20 that he was reactivated in response to the COVID-19 pandemic. Dkt. 8-1 at 1.
21 Plaintiff claims that upon his reactivation, he was assigned to investigate terrorism,
22 treason, and "rape in mass" along the I-5 corridor in Washington. *See* Dkt. 8 at 3; Dkt. 8-1 at 1.
23

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff asserts that the criminal charges which are at issue in this lawsuit were incurred in the line of duty, and that his ensuing incarceration halted his investigation and separated him from his evidence. Dkt. 8-1 at 5. Plaintiff claims the evidence is "biotoxic" and "biochemical" in nature and will degrade without proper handling which will, in turn, harm his investigation. *Id*. Insert here.

Neither of Plaintiff's responses demonstrate the existence of "extraordinary circumstances" sufficient to justify this Court's intervention in his ongoing state court criminal proceedings. It is well established that federal courts do not invoke *Younger* abstention where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). As noted above, the "extraordinary circumstances" exception applies in instances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 46.

The Ninth Circuit has applied the irreparable harm exception to claims raised by pretrial detainees in three limited contexts. Specifically, the Ninth Circuit has applied the exception where the pretrial detainee has: (1) presented a colorable claim that a state prosecution would violate the due process clause; (2) raised a due process challenge to his pretrial detention; and (3) raised a due process challenge to the forcible administration of antipsychotic medications. *See Bean v. Matteucci*, 986 F.3d 1128, 1133-36 (9th Cir. 2021). Plaintiff's claims here that his pending criminal charges were incurred during the course of his purported DOD investigation, and that the imposition of such charges resulted in interference with his investigation and the

degradation of evidence, do not fall within the very limited set of circumstances that have been recognized as creating an exception to invocation of the *Younger* doctrine.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff fails to identify in his complaint a viable claim for relief, this Court recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to § 1915(e)(2)(B). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). Finally, this Court recommends that Plaintiff's recently submitted application for court-appointed counsel (Dkt. 11) and his motion for legal supplies (Dkt. 13) be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 5, 2021**.

DATED this 14th day of October, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4